UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY DISTRICT
COUNCIL OF CARPENTERS PENSION FUND,
WELFARE FUND, ANNUITY FUND, AND
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND;
TRUSTEES OF THE NEW YORK CITY
CARPENTERS RELIEF AND CHARITY FUND; THE
CARPENTER CONTRACTOR ALLIANCE OF
METROPOLITAN NEW YORK; and THE NEW
YORK CITY DISTRICT COUNCIL OF
CARPENTERS,

                                    Petitioners,

                    -v.-

INNISS CONSTRUCTION INC.,

                                    Respondent.

21 Civ. 4582 (KPF)

**OPINION AND ORDER**

---

KATHERINE POLK FAILLA, District Judge:

        Petitioners Trustees of the New York City District Council of Carpenters

Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman

Retraining, Educational and Industry Fund; Trustees of the New York City

Carpenters Relief and Charity Fund; The Carpenter Contractor Alliance of

Metropolitan New York (collectively, the "Funds"); and the New York City

District Council of Carpenters (the "Union") have filed this motion for summary

judgment on their petition (the "Petition") to confirm a February 22, 2021

arbitral award (the "Award") against Respondent Inniss Construction Inc.,

pursuant to Section 502(a)(3) of the Employee Retirement Income Security Act

of 1974 ("ERISA"), *as amended*, 29 U.S.C. § 1132(a)(3), and Section 301 of the

Labor Management Relations Act of 1947 (the "LMRA"), *as amended*, 29 U.S.C.

§ 185.  In addition to seeking confirmation of the Award, Petitioners also seek to recover pre- and post-judgment interest on the Award and attorneys' fees and costs they have incurred in pursuing the Award's confirmation. Respondent has not opposed the Petition or the summary judgment motion, nor has it otherwise appeared in this action.  For the reasons set forth below, the Court grants Petitioners' motion.

<h1 style="text-align:center">BACKGROUND[1]</h1>

## A.    Factual Background

Respondent and the Union are parties to an Independent Building Construction Agreement (the "CBA"), pursuant to which Respondent is required to make contributions to the Funds for all work performed within the trade and geographical jurisdiction of the Union.  (Pet. 56.1 ¶¶ 6-12; *see also* 2017-2024 CBA, Art. XV, § 1).  The CBA also requires that Respondent furnish its books and payroll records upon the Funds' request for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.  (Pet. 56.1 ¶ 13).

In the event of a dispute or disagreement between the parties, the CBA permits either party to initiate arbitration proceedings before a designated arbitrator.  (Pet. 56.1 ¶ 15).  The CBA provides that if the arbitrator finds in

---

[1]     The facts in this Opinion are drawn from the Petition ("Pet." (Dkt. #1)); the declaration of William Davidian ("Davidian Decl." (Dkt. #11)) and exhibits appended thereto, including (i) the 2017-2024 Collective Bargaining Agreement (the "2017-2024 CBA" (*id.*, Ex. F)) and (ii) the February 22, 2021 Opinion and Award of Arbitrator (the "Arbitrator's Opinion" (*id.*, Ex. J)); the declaration of Nicole Marimon ("Marimon Decl." (Dkt. #12)); the Award (Dkt. #1-10); and Petitioners' Local Rule 56.1 Statement ("Pet. 56.1" (Dkt. #14)).  Citations to Petitioners' Rule 56.1 Statement incorporate by reference the documents cited therein.

favor of the Funds in a dispute regarding delinquent contributions, the arbitrator may award interest, liquidated damages, and costs.  (*Id.* at ¶ 17).

The CBA also binds the parties to the Funds' Collection Policy, which provides that, if the Funds arbitrate a dispute or file a lawsuit over unpaid contributions, the Funds shall be entitled to collect: (i) the delinquent contributions; (ii) interest on the unpaid contributions at the prime rate of Citibank plus 2%; (iii) liquidated damages in the amount of 20% of the unpaid contributions; and (iv) reasonable attorneys' fees and costs incurred by the Funds in collecting the delinquencies.  (Pet. 56.1 ¶¶ 16-18).

In this case, Petitioners conducted an audit of Respondent covering the period June 25, 2018, through December 22, 2019, to determine whether Respondent had remitted the proper contributions to the Funds.  (Pet. 56.1 ¶ 20).  The audit determined that Respondent had failed to remit required contributions to the Funds and owed a principal deficiency of $566,609.75. (*Id.*).  The Funds have since recovered $527,190.20 of the deficiency from a surety that issued payment bonds guaranteeing wages and benefits on Respondent's projects.  (*Id.* at ¶ 21).  After accounting for the Funds' partial recovery from the surety, Respondent owes an outstanding balance of $39,419.55.  (*Id.*).  Respondent has failed to pay the balance.  (*Id.* at ¶ 22).

Proceeding under the CBA's arbitration clause, Petitioners initiated an arbitration proceeding before the designated arbitrator, Roger E. Maher (the "Arbitrator").  (Pet. 56.1 ¶ 23).  The Arbitrator notified Respondent by regular and certified mail that he would conduct a hearing on the dispute on

February 18, 2021.  (*Id.*; *see also* Davidian Decl., Ex. I (Notice of Hearing)).  On the date of the hearing, Andrew Inniss, a principle of Inniss Construction Inc., appeared remotely.  (Arbitrator's Opinion at 2).  The Arbitrator proceeded to hear Petitioners' testimony and evidence.  (*Id.*).  Mr. Inniss did not dispute Petitioners' evidence or claims, but stated that he would need additional time to make the required payments.  (*Id.*).

On February 22, 2021, the Arbitrator issued the Award, finding that Respondent had violated the CBA by refusing to remit the proper contributions to the Funds.  (Arbitrator's Opinion at 2).  Pursuant to that finding, the Arbitrator ordered Respondent to pay Petitioners $199,544.19,  consisting of: (i) the principal deficiency of $39,419.55;  (ii) total interest of $72,441.81; (iii) liquidated damages of $103,301.98; (iv) non-audit late payment interest of $2,268.49; (v) a promotional fund fee of $993; audit costs of $18,455; (vi) a bounced check fee of $100; (vii) court costs of $400; (viii) attorneys' fees of $1,500; (ix) an arbitrator's fee of $1,000; and (x) a credit against the outstanding balance of $40,335.64.  (*Id.* at 3).  Lastly, the Arbitrator found that interest at the annual rate of 5.25% would accrue on the Award from the date of its issuance.  (*Id.* at 3).

## B.    Procedural Background

On May 21, 2021, Petitioners filed this Petition to confirm the Award and recover attorneys' fees and costs arising out of the Petition. (Dkt. #1).  On May 24, 2021, the Court ordered Petitioners to move for confirmation of the Award in the form of a motion for summary judgment, with opening papers due

June 23, 2021. (Dkt. #7). The Court ordered Respondent to file its opposition papers by July 23, 2021, and ordered Petitioners to file any reply papers by August 6, 2021. (*Id.*). On May 25, 2021, Petitioners filed an affidavit indicating that the Petition and the Court's May 24, 2021 Order had been served on Respondent by mail that same day. (Dkt. #8). Petitioners filed their summary judgment motion on June 16, 2021 (Dkt. #10-14), and submitted an affidavit to the Court indicating that their motion papers had been served upon Respondent on June 17, 2021 (Dkt. #15). Respondent has neither filed opposition papers nor appeared in the case. As such, Petitioners' motion is ripe for the Court's consideration.

## DISCUSSION

**A.    The Court Confirms the Arbitration Award**

**1.    Applicable Law**

**a.    Confirmation of Arbitration Awards**

The Second Circuit has "repeatedly recognized the strong deference appropriately due arbitral awards and the arbitral process, and has limited its review of arbitration awards in obeisance to that process[.]" *Porzig* v. *Dresdner, Kleinwort, Benson, N. Am. LLC*, 497 F.3d 133, 138 (2d Cir. 2007). "To encourage and support the use of arbitration by consenting parties," the Court "uses an extremely deferential standard of review for arbitral awards." *Id.* at 139. The standard of review is especially deferential in this case, because "[t]he federal policy in favor of enforcing arbitration awards is particularly strong with respect to arbitration of labor disputes." *N.Y. Hotel & Motel Trades Council* v.

*Hotel St. George*, 988 F. Supp. 770, 774 (S.D.N.Y. 1997).  As the Second Circuit has observed, "[t]he LMRA establishes a federal policy of promoting 'industrial stabilization through the collective bargaining agreement,' with particular emphasis on private arbitration of grievances." *Nat'l Football League Mgmt. Council* v. *Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016) (quoting *United Steelworkers of Am.* v. *Warrior & Gulf Navigation Co.*, 363 U.S. 574, 578 (1960)).

Judicial review of an arbitration award under the LMRA is "very limited." *Major League Baseball Players Ass'n* v. *Garvey*, 532 U.S. 504, 509 (2001) (per curiam).  Confirmation of an arbitration award is generally "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected." *D.H. Blair & Co.* v. *Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted).  "It is only when the arbitrator strays from interpretation and application of the agreement and effectively dispenses his own brand of industrial justice that his decision may be unenforceable." *Garvey*, 532 U.S. at 509 (internal quotation marks and alterations omitted).

A court may not "review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors or misinterprets the parties' agreement, but [may] inquire only as to whether the arbitrator acted within the scope of his authority as defined by the collective bargaining agreement." *Nat'l Football League Mgmt. Council*, 820 F.3d at 536.  A reviewing court's "task is

6

simply to ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* at 537 (quoting *United Paperworkers Int'l Union, AFL-CIO* v. *Misco, Inc.*, 484 U.S. 29, 38 (1987)).  "As long as the award 'draws its essence from the collective bargaining agreement' … it must be confirmed." *Id.* (quoting *Int'l Bhd. of Elec. Workers* v. *Niagara Mohawk Power Corp.*, 143 F.3d 704, 714 (2d Cir. 1998)).

### b. Motions for Summary Judgment Under Federal Rule of Civil Procedure 56

Courts within this Circuit approach an unopposed petition to confirm an arbitration award "as akin to a motion for summary judgment based on the movant's submissions, and the court may not grant the motion without first examining the moving party's submission to determine that it satisfactorily demonstrates the absence of material issues of fact." *Neshgold LP* v. *N.Y. Hotel & Motel Trades Council, AFL-CIO*, No. 13 Civ. 2399 (KPF), 2013 WL 5298332, at *7 (S.D.N.Y. Sept. 19, 2013) (internal quotation marks omitted) (quoting *D.H. Blair & Co.*, 462 F.3d at 109-10).  Under the familiar summary judgment standard, a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute is genuine where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Fireman's Fund Ins. Co.* v. *Great Am. Ins. Co. of N.Y.*, 822 F.3d 620, 631 n.12 (2d Cir. 2016) (internal quotation marks and citation

omitted).  A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson* v. *Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## 2.   Analysis

The Court finds that the Petition is well-supported by the record, particularly given the deferential LMRA standard.  Petitioners have established that Respondent was bound by the CBA and that the CBA obligated Respondent to make certain payments to the Funds.  (Pet. 56.1 ¶¶ 6-12).  Petitioners have also established that an audit revealed that Respondent had failed to remit $527,190.20 in contributions to the Funds, and that Respondent has failed to pay the balance of the outstanding contributions owed to the Funds.  (*Id.* at ¶¶ 20-22).  Accordingly, Petitioners pursued arbitration under the terms of the CBA.  (*Id.* at ¶ 23).

During the arbitration proceedings, Petitioners submitted ample evidence of the delinquencies in Respondent's payments, including through the testimony and report of their auditor.  (Arbitrator's Opinion at 2).  The auditor's testimony detailed the accounting method employed during the audit and the methodology used to compute Respondent's delinquencies.  (*Id.*).  The auditor's report established that the total amount of the delinquencies and interest was $111,861.36.  (*Id.*).  Petitioners submitted further evidence computing the additional amounts due with respect to attorneys' fees, the arbitrator's fee, court costs, audit costs, the delinquency fee, the bounced check fee, and the promotion fund fee.  (*Id.*).  Based on this record, the Arbitrator found that the Funds were entitled to $199,544.19.  (*Id.* at 3).

"Accordingly, there is much more than a 'barely colorable justification for the outcome reached.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Morgan Marine LLC*, No. 17 Civ. 1734 (ER), 2017 WL 11570458, at *3 (S.D.N.Y. Oct. 2, 2017) (quoting *Landy Michaels Realty Corp.* v. *Local 32B-32J, Serv. Employees Int'l Union, AFL-CIO*, 954 F.2d 794, 797 (2d Cir. 1992)). The grounds for the Award are readily discernible from the Arbitrator's written decision, and the Award is consistent with the terms of the CBA, the Funds' Collection Policy, and undisputed testimony elicited at the arbitration proceedings. (*See generally* Arbitrator's Opinion). Further, despite being properly served, Respondent did not appear in this case to dispute any of the Arbitrator's findings or any component of the Award. Both the record provided and the deferential standard of review under the LMRA require the Court to confirm the Award.

Petitioners also seek to confirm the Arbitrator's decision that prejudgment interest at the rate of 5.25% would accrue on the Award from the date of its issuance to the date of judgment in this matter. (Pet. 56.1 ¶ 26; Pet. at 8). "[W]hether to award prejudgment interest in cases arising under federal law has in the absence of a statutory directive been placed in the sound discretion of the district courts." *Waterside Ocean Navigation Co.* v. *Int'l Navigation Ltd.*, 737 F.2d 150, 153 (2d Cir. 1984) (quoting *Lodges 743 & 1746, Int'l Ass'n of Machinists & Aerospace Workers* v. *United Aircraft Corp.*, 534 F.2d 422, 446 (2d Cir. 1975)) (explaining that there is a presumption towards granting prejudgment interest). Courts in this Circuit have regularly exercised

9

their discretion to grant prejudgment interest "when confirming arbitration awards under collective bargaining agreements pursuant to [Section] 301 of the LMRA, when the CBAs indicated that an arbitration award was 'final and binding.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Modular Sys. Installations, Inc.*, No. 17 Civ. 6467 (GHW), 2017 WL 4772427, at *4 (S.D.N.Y. Oct. 20, 2017) (quoting *Serv. Emps. Int'l Union, Local 32BJ, AFL-CIO* v. *Stone Park Assocs.*, 326 F. Supp. 2d 550, 555 (S.D.N.Y. 2004) (collecting cases)). Although "the LMRA is silent with respect to a prejudgment interest rate, the 'common practice' among courts within the Second Circuit is to grant interest at a rate of 9%[.]" *Stone Park Assocs.*, 326 F. Supp. 2d at 555; *see also N.Y.C. Dist. Council of Carpenters* v. *Tried N True Interiors LLC*, No. 20 Civ. 51 (LGS), 2020 WL 1809323, at *4 (S.D.N.Y. Apr. 9, 2020) (granting prejudgment interest at the rate of 9% after confirming an arbitration award).

Given "the presumption towards granting prejudgment interest, and the fact that Petitioners have requested an accrual rate lower than the general practice in this Circuit," the Court grants Petitioners' request for prejudgment interest on the Award from the date of its issuance through the date of judgment in this action at an annual rate of 5.25%. *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Air Flooring Solutions, LLC*, No. 19 Civ. 11065 (KPF), 2020 WL 2571042, at *4 (S.D.N.Y. May 21, 2020) (granting prejudgment interest at the requested rate of 7.5%); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund,*

10

*Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Furniture Business Solutions, LLC,* No. 20 Civ. 2867 (GHW), 2020 WL 6525466, at *3 (S.D.N.Y. Nov. 5, 2020) (same).  Accordingly, the Court awards Petitioners $6,830.97 in prejudgment interest.

The Court will also award post-judgment interest at the statutory rate specified by 28 U.S.C. § 1961.  *See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund* v. *DV I, LLC*, No. 17 Civ. 7367 (PAE), 2018 WL 461244, at *6 (S.D.N.Y. Jan. 18, 2018) (observing that awards of post-judgment interest in actions to confirm arbitration are mandatory).

## B.   The Court Grants in Part Petitioners' Application for Attorneys' Fees and Costs

### 1.   Applicable Law

"Generally, 'in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award.'"  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Formula 1 Builders, LLC*, No. 17 Civ. 1234 (GHW), 2017 WL 1483369, at *4 (S.D.N.Y. Apr. 25, 2017) (quoting *Int'l Chem. Workers Union, Local No. 227* v. *BASF Wyandotte Corp.*, 774 F.2d 43, 47 (2d Cir. 1985)).  And "Section 301 of the LMRA does not provide for the recovery of attorneys' fees." *Id.*

Although Section 301 of the LMRA does not provide for the award of attorneys' fees, two independent bases support such an award here.  *First*, "a contractual provision for the payment of [attorneys'] fees provides a basis to award them."  *See N.Y.C. Dist. Council of Carpenters* v. *JFD Sales Consulting Servs. Corp.*, No. 17 Civ. 3733 (LGS), 2017 WL 4736742, at *2 (S.D.N.Y.

11

Oct. 19, 2017).  *Second*, a court may "exercise its inherent equitable powers to award attorney's fees when opposing counsel acts in bad faith."  *N.Y.C. Dist. Council of Carpenters* v. *Gen-Cap Indus., Inc.*, No. 11 Civ. 8425 (JMF), 2012 WL 2958265, at *5 (S.D.N.Y. July 20, 2012).  A finding of bad faith may be made "when a challenger refuses to abide by an arbitrator's decision without justification[.]"  *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman, Retraining, Educ. & Indus. Fund* v. *Mountaintop Cabinet Mfr. Corp.*, No. 11 Civ. 8075 (JMF), 2012 WL 3756279, at *4 (S.D.N.Y. Aug. 29, 2012) (quoting *N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Angel Const. Grp., LLC*, No. 08 Civ. 9061 (RJS), 2009 WL 256009, at *2 (S.D.N.Y. Feb. 3, 2009)).

To determine an appropriate attorneys' fees award, the Court must assess the reasonableness of the attorney's hourly rate and the number of hours she billed at that rate.  "A reasonable hourly rate is 'what a reasonable, paying client would be willing to pay.'"  *N.Y.C. & Vicinity Dist. Council of Carpenters* v. *Plaza Constr. Grp., Inc.*, No. 16 Civ. 1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (quoting *Watkins* v. *Smith*, No. 12 Civ. 4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015)).  "Hours that are excessive, redundant, or otherwise unnecessary, are to be excluded from the calculation of a reasonable fee."  *Id.* (internal quotation marks omitted).

In addition to attorneys' fees, the prevailing party may also recover reasonable costs incurred in seeking confirmation of the Award.  Courts in this District will "generally grant 'those reasonable out-of-pocket expenses incurred

by attorneys and ordinarily charged to their clients.'" *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Metroplex Serv. Grp., Inc.*, No. 18 Civ. 5889 (PAE), 2018 WL 4141034, at *6 (S.D.N.Y. Aug. 30, 2018) (quoting *LeBlanc-Sternberg* v. *Fletcher*, 143 F.3d 748, 763 (2d Cir. 1998)).

### 2. Analysis

The CBA and the Funds' Collection Policy provide that the Funds are entitled to recover reasonable attorneys' fees and costs incurred in collecting any unpaid contributions from a "delinquent employer." (Pet. 56.1 ¶ 29). Here, Petitioners seek $3,041.50 in attorneys' fees and $75 in costs. (*Id.* at ¶¶ 33-34). Because Respondent agreed to a CBA and Collection Policy that specifically provided for the recovery of fees and costs in these circumstances, and did not oppose Petitioners' application for confirmation of the Award, the Court concludes that Petitioners are entitled to recover their reasonable fees and costs in this case.

In support of their request for attorneys' fees, Petitioners submitted the time records of their counsel, documenting the hours worked and activities performed in support of this action. (*See* Marimon Decl., Ex. K). Petitioners were represented in this action by the law firm of Virginia & Ambinder, LLP ("V&A"). A total of 11.9 hours of work was completed by (i) one V&A partner, Nicole Marimon, who billed at $350 per hour; (ii) one V&A associate, Jenny S. Brejt, who billed at $275 per hour; and (iii) several legal assistants, who each billed at $120 per hour. (Marimon Decl. ¶¶ 4-6, 8). On review of the

13

contemporaneous time records, the number of hours expended is reasonable and the invoice reflects "sound billing practices." *Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6.

Beginning with the fees charged for Ms. Marimon's work in this case, the Court finds that her hourly rate is above the rate ordinarily awarded for similar services in other cases. Ms. Marimon is a 2014 graduate of Fordham Law School and has experience serving as lead counsel for multiemployer employee benefit plans in ERISA litigation. (Marimon Decl. ¶ 4). Over the course of the past two years, she has sought and generally been awarded fees at rates spanning from $275 to $325 per hour by courts in this Circuit, including by this Court. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Manzo*, No. 21 Civ. 504 (LGS), 2021 WL 3082291, at *4 (S.D.N.Y. July 20, 2021) (awarding Ms. Marimon fees at an hourly rate of $275); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *JB Squared Constr. Corp.*, No. 20 Civ. 2659 (KPF), 2020 WL 6825693, at *6 (S.D.N.Y. Nov. 19, 2020) (awarding Ms. Marimon fees at an hourly rate of $325); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *All Flooring Sols., LLC,* No. 19 Civ. 11065 (KPF), 2020 WL 2571042, at *6 (S.D.N.Y. May 21, 2020) (granting Ms. Marimon's request for attorneys' fees at a rate of $275 per hour); *see also Trs. of N.E. Carpenters Health, Pension, Annuity, Apprenticeship,*

*& Labor Mgmt. Cooperation Funds* v. *Excel Installations, LLC*, No. 19 Civ. 3012, 2020 WL 429135 (ERK) (SMG), at *5 (E.D.N.Y. Jan. 27, 2020) (awarding Ms. Marimon attorneys' fees at a rate of $300 per hour "given her position as partner").

Conversely, when Ms. Marimon requested attorneys' fees at a rate of $350 per hour for work performed in 2020, several courts declined to award her that rate. *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Galt Installations, LLC*, No. 20 Civ. 2582 (JGK), 2020 WL 6274774, at *3 (S.D.N.Y. Oct. 26, 2020) (finding that $350 per hour was "above the range of fees ordinarily awarded … for similar services in other cases"); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Shorecon-NY, Inc.*, No. 17 Civ. 5210 (RA), 2020 WL 3962127, at *5 (S.D.N.Y. July 13, 2020) (reducing Ms. Marimon's rate to $300 per hour for work performed in 2020); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Triangle Enter. NYC, Inc.*, No. 20 Civ. 793 (RA), 2020 WL 2306484, at *5 (S.D.N.Y. May 8, 2020) (observing that "Ms. Marimon [had requested] a rate of $275 per hour for work performed only two to three months earlier"); *but see Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund* v. *1st Choice Constr. LLC*, No. 20 Civ. 7119 (LTS), 2021 WL 4482278, at *3 (S.D.N.Y. Sept. 30, 2021) (awarding Ms. Marimon an hourly rate of $350).

After reviewing the cases discussed above, the Court finds, as it has previously, that Ms. Marimon's continued practice and additional experience in this field of legal practice warrant a rate of $325 per hour for her work in this case.  *See JB Squared Constr. Corp.*, 2020 WL 6825693, at *6.

Next, the Court finds that the requested rate of $275 per hour for the work performed by V&A associate Jenny S. Brejt exceeds the appropriate rate for her work in this case.  Ms. Brejt is a 2020 graduate of Fordham University School of Law.  (Marimon Decl. ¶ 5).  "Other courts in this district have 'recently found [a rate of $275 per hour] unreasonable, and concluded that $225 per hour was an appropriate rate' for associates with similarly limited experience."  *Shorecon-NY, Inc.*, 2020 WL 3962127, at *6 (quoting *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Metro. Exposition Servs., Inc.*, No. 19 Civ. 149 (AJN), 2019 WL 2004279, at *4 (S.D.N.Y. May 7, 2019)) (collecting cases); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Piccini MNM, Inc.*, No. 19 Civ. 5258 (RA), 2021 WL 1791591, at *4 (S.D.N.Y. May 5, 2021) (declining to award a V&A associate who graduated law school in 2016 a rate of $275 per hour and instead awarding a rate of $225 per hour); *Trs. of N.E. Carpenters Health, Pension, Annuity, Apprenticeship, & Lab. Mgmt. Cooperation Funds* v. *Upstate Interiors, LLC*, No. 19 Civ. 326 (MKB), 2021 WL 2576938, at *5 (E.D.N.Y. June 23, 2021) (noting that "$225 is consistent with the prevailing rate within

16

[the Eastern District of New York] for associates" in similar cases).  Accordingly, the Court finds that the appropriate rate for Ms. Brejt's work in this case is $225 per hour.

Finally, the Court finds the requested rate of $120 per hour for the work performed by V&A legal assistants to be reasonable.  Courts in this District have consistently awarded such a rate to legal assistants for similar services. *See Triangle Enter. NYC Inc.*, 2020 WL 2306484, at *6 (awarding fees to legal assistants at a rate of $120 per hour); *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *Skyeco Grp. LLC*, No. 19 Civ. 7608 (LGS), 2019 WL 6497533, at *3 (S.D.N.Y. Dec. 3, 2019) (same); *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *M&B Builders Grp. Inc.*, No. 18 Civ. 5074 (GHW), 2018 WL 6067229, at *6 (S.D.N.Y. Nov. 19, 2018) (same).  Moreover, courts have awarded fees at an identical rate to V&A legal assistants in confirmation proceedings.  *See, e.g.*, *Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund* v. *JAS Construction Co., Inc.,* No. 20 Civ. 1001 (RA), 2020 WL 4016841, at *6 (S.D.N.Y. July 16, 2020); *All Flooring Sols.*, 2020 WL 2571042, at *6.

In sum, Petitioners' request for attorneys' fees is granted at the reduced rate of $325 per hour for Ms. Marimon's work, the reduced rate of $225 per hour for Ms. Brejt's work, and at the requested rate of $120 per hour for the

legal assistants' work.  Based on the submitted time records, these rates yield a total award of $2,644 in attorneys' fees.

Finally, the Court finds Petitioners' request for $75 in costs to be reasonable.  This minimal figure excludes the $400 in costs awarded by the Arbitrator, and appears to consist primarily of filing and service fees.  (Marimon Decl., Ex. K at 3).  The Court will grant such "reasonable out-of-pocket expenses[.]"  *Metroplex Serv. Grp., Inc.*, 2018 WL 4141034, at *6; *see also Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund* v. *Jessica Rose Enters. Corp.*, No. 15 Civ. 9040 (RA), 2016 WL 6952345, at *5 (S.D.N.Y. Nov. 28, 2016) (observing that filing and services fees "are standard costs paid in actions brought in this Court").

## CONCLUSION

For the reasons explained above, the Petition is GRANTED.  The Clerk of Court is directed to enter judgment in the amount of $209,094.16, consisting of: (i) the arbitration award of $199,544.19; (ii) $6,830.97 in prejudgment interest; (iii) $2,644 in attorneys' fees; and (iv) $75 in costs.  Post-judgment interest will accrue at the statutory rate pursuant to 28 U.S.C. § 1961.

The Clerk of Court is further directed to terminate all pending motions, adjourn all remaining dates, and close this case.

SO ORDERED.

Dated:      October 18, 2021
             New York, New York

KATHERINE POLK FAILLA
United States District Judge